UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-26 PS |
| | ) | |
| MICHAEL D. SHELBY | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Alter/Amend Order [Doc. 87].  Defendant seeks to alter this Court's November 10, 2005 Order [Doc. 84] that denied Defendant's Motion for Transcript of District Court Proceedings to Proceed on Direct Appeal [Doc. 83].  In its Order, the Court held that Defendant "may not directly appeal his conviction and/or sentencing because a notice of appeal was not filed during the time period allowed by the Federal Rules of Appellate Procedure[,]" citing Federal Rules of Appellate Procedure 4(b)(1)(A) and 4(b)(4).  (11/10/05 Ord. at 1.)  The Court further advised Defendant that he was free to file a petition to vacate his sentence or attack the judgment pursuant to 28 U.S.C. § 2255.  (*Id.*)  Defendant now asserts that, under Seventh Circuit case law, this Court may grant an extension for his notice of appeal upon a showing of "excusable neglect."  (Def.'s Mot. at 1.)  Defendant is mistaken in his interpretation of the cited cases, and this Court has no choice but to deny his Motion.

As previously stated by the Court, Defendant had ten days to appeal his judgment, Fed. R. App. P. 4(b)(1)(A), with an extension of an additional thirty days upon a finding of excusable neglect or good cause, *id.* at 4(b)(4).  Defendant's trial counsel, Nishay Sanan, did not file a

notice of appeal regarding Defendant's conviction and/or sentencing within that 40-day period.[1] Even if Sanan's failure to file a timely notice of appeal constitutes ineffective assistance of counsel, this Court still is not permitted to extend the time in which Defendant may file a notice. *See* Fed. R. App. P. 4(b)(4) ("[T]he district court may . . . extend the time to file a notice of appeal for a period *not* to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).") (emphasis added); Fed. R. App. P. 26(b)(1) ("[T]he court may *not* extend the time to file a notice of appeal (except as authorized in Rule 4[.]") (emphasis added); *see also United States v. Hirsch*, 207 F.3d 928, 930 (7th Cir. 2000) (noting that "Rule 26(b)(1) adds that a district court lacks power to extend the time for a notice of appeal, except to the extent provided in Rule 4.").

Nevertheless, Defendant argues that (1) the reasoning in *United States v. Marbley*, 81 F.3d 51 (7th Cir. 1996), indicates that it is not appropriate for him to bring his claim pursuant to 28 U.S.C. § 2255; and (2) *United States v. McKenzie*, 99 F.3d 813 (7th Cir. 1996), provides this Court with discretion to extend the time period for filing notice of appeal beyond the forty days allowed by the Federal Rules of Appellate Procedure. Both of these arguments are without merit.

First, the Seventh Circuit in *Marbley* explicitly stated that defendants have 10 days to file their notice of appeal plus an additional thirty days when the defendants can show excusable

---

[1] The Court entered Defendant's judgment on August 11, 2005. His ten days to file his notice of appeal expired on August 25, 2005. His additional thirty days for good cause or excusable neglect ended on September 26, 2005. Defendant's initial inquiry to this Court regarding whether his counsel had filed a notice of appeal [Doc. 79] was on September 29, 2005 (the date marked on the letter and apparently sent to this Court) – three days after the 40-day period had elapsed.

2

neglect. *Marbley*, 81 F.3d at 52. Defendant here has missed both deadlines. It is true that the *Marbley* court noted that requiring a defendant to make a collateral attack on his conviction under 28 U.S.C. § 2255 in a case where the failure to file a timely notice appeal was the direct result of ineffective assistance of counsel is an "oblique approach [that] serves no one's interest that we can see and introduces real delay into the system of criminal justice." *Id.* at 53. Nevertheless, the court ultimately held that any untimely appeal must be dismissed pursuant to Federal Rule of Appellate Procedure 4. *See id*. (noting that "although we think Rule 4(b) is ripe for reexamination we are bound by it and the appeal must therefore be dismissed").

Second, *United States v. McKenzie* does not, as Defendant suggests, provide the Court with discretion to extend the time period for appeal beyond the forty days allotted in Rule 4. In that case, the defendant filed his notice of appeal within the forty-day time period. *See* 99 F.3d at 815. Because the defendant's lawyer had essentially "abandoned" him during the ten-day period following the trial, the Seventh Circuit held that it was within the district court's discretion to find the defendant's failure to file a timely notice of appeal a result of "excusable neglect," and therefore to extend the filing period by thirty days. *Id.* at 816. The Seventh Circuit did ***not*** assert that it would be within the district court's discretion to grant an extension beyond the forty-day time period provided by Rule 4. Because Defendant in this case did not request an extension within the forty days following entry of judgment, he may not directly appeal his conviction or sentencing. Therefore, Defendant's Motion to Alter/Amend Order [Doc. 87] is denied.

However, the Court again reminds Defendant that he may file a petition under 28 U.S.C. § 2255, which permits a prisoner in custody to attack the judgment or vacate his sentence. 28

U.S.C. § 2255; *see also Hirsch*, 207 F.3d at 931 (observing that, despite dismissal of his appeal, defendant may file a motion under 28 U.S.C. § 2255 to vacate the judgment); *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996) (noting that "such ineffective assistance [where counsel fails to file a timely appeal, unless the negligence of the client is responsible for the late filing] constitutes a ground for collateral relief under 28 U.S.C. § 2255 – relief which may take the form of the district court's vacating the judgment and entering a new one to allow for a timely appeal.").

Defendant has filed a Petition for Leave to File and Proceed on In Forma Pauperis in this case. Because he may not directly appeal this case, the Court denies Defendant's Petition to Proceed In Forma Pauperis [Doc. 88]. If Defendant chooses to file a petition under 28 U.S.C. § 2255, Defendant may then file a petition to proceed in forma pauperis for that cause of action.

Defendant has also filed a Motion for Appointment of Counsel. His attorney, however, has not filed a motion to withdraw pursuant to Seventh Circuit Rule 51(a) ("Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw."). This Court therefore may not appoint new counsel for Defendant, and denies Defendant's Motion for Appointment of Counsel [Doc. 89].

## CONCLUSION

For the foregoing reasons: the Court:

(1) **DENIES** Defendant's Motion to Alter/Amend Order [Doc. 87];

(2) **DENIES** Defendant's Petition to Proceed In Forma Pauperis [Doc. 88]; and

(3)     **DENIES** Defendant's Motion for Appointment of Counsel [Doc. 89].

**SO ORDERED**.

ENTERED: April 6, 2006

                                           s/ Philip P. Simon
                                           PHILIP P. SIMON, JUDGE
                                           UNITED STATES DISTRICT COURT