UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE SHELBY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  2:06-CV-279 |
| | ) | (arising from No. 2:04-CR-26 PS) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

*Pro se* Petitioner Michael Dewayne Shelby filed a 28 U.S.C. § 2255 motion seeking to vacate his criminal conviction.  (Mot. [CivDE1 & CrDE97][1].)  After an Opinion and Order by this Court on November 14, 2006 [CivDE2 & CrDE102], only one out of five claims in his Motion survived initial consideration and warranted a response from the government pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts.  For the reasons set forth below, Shelby's final § 2255 claim alleging ineffective assistance of counsel is denied.

### I.  BACKGROUND

The evidence at trial established that the police attempted to pull Shelby over, but instead of abiding by their request communicated through lights and sirens, he fled instead.  He led the police on a high speed chase at extremely high rates of speed, and he had his baby daughter along for the ride.  The chase was captured on videotape by a camera affixed to the squad car; the video is terrifying.  Shelby eventually jumped a curb and got stuck in the mud in an apartment complex.  He then fled on foot (leaving his daughter behind), and when he was

---

[1]Docket citations beginning with "Cr" refer to the docket entries for the criminal case (No. 2:04cr26) and all docket citations beginning with "Civ" refer to the civil case (No. 2:06cv279).

1

captured, he physically assaulted the arresting officers.  The reason he was so determined to get away from the police was because he had a large load of crack cocaine and a bundle of money – $41,000 in all – with him.  Just before he was placed under arrest, Shelby tossed the bag that contained the contraband.  His defense at trial was that the bag wasn't his and that he was a victim of circumstances.  A jury decided that this defense was a little hard to believe and found him guilty of possession with the intent to distribute cocaine base.

In my Order of November 26, 2006, I recognized three potential grounds for Shelby's ineffective assistance of counsel claim:  (1) failure to allow Shelby to testify; (2) failure to object to the sentence; and (3) failure to file a notice of appeal.  (*See* Nov. 2006 Opinion & Order at 4.)  Pursuant to Rule 4(b), this Court ordered the government to respond to Shelby's ineffective assistance of counsel claim.  (*Id*. at 7.)  The government responded, requesting that this Court deny the first two grounds and, in light of case law and his previous letter to the Court,[2] order Shelby to supplement his Petition with a detailed and specific affidavit supporting the last ground.  (Gov't Resp. to Def.'s § 2255 Motion [CrDE117] at 5-8.)  The Government's response was accompanied by an affidavit from Shelby's trial counsel, Nishay Sanan.

This Court ordered Shelby to supplement his Petition by July 31, 2007, with an affidavit supporting his allegation that his lawyer failed to file an appeal.  (July 2007 Order [CrDE118].)  Shelby failed to do so.  Given Shelby's failure to supplement, I am left with no choice but to dispose of the Petition based solely on my review of the Motion and the government's Response.

---

[2] Shelby wrote a letter to this Court on September 29, 2005, three days after the extended forty day period to appeal expired, regarding whether his counsel had filed a notice of appeal and in which he made allegations that he asked his lawyer to file an appeal and that his counsel failed to do so.  (Pet'r Letter [CrDE79].)

## II. DISCUSSION

A motion under § 2255 allows a federal prisoner "in custody . . . claiming the right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . , or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A district court may deny a § 2255 motion without a hearing "if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992); *See also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) ("a hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'") (quoting *Machibroda v. United States*, 82 S. Ct. 510, 514 (1962)).

This Court reviews *pro se* § 2255 petitions liberally, as it does with any *pro se* complaint or motion. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, "a district court should not assume the role of advocate for the *pro se* litigant and may not rewrite a petition to include claims that were never presented." *Lenoir v. United States*, No. 2:04-CV-392, 2:00-CR-44, 2005 WL 2990630, at *2 (N.D. Ind. Nov. 8, 2005) (quotation marks omitted). More specifically, a § 2255 motion alleging ineffective assistance of counsel generally must establish that: (1) counsel's performance was constitutionally deficient because it fell below minimum professional standards; and (2) but for counsel's deficient performance, the result of the trial would have been different. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *see also Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002). As outlined in this Court's

November 2006 Opinion and Order, Shelby raises three potential arguments with respect to his ineffective assistance of counsel claim.  None warrant granting his Petition.

**1.  Failure to Allow Shelby to Testify**

Although a defendant has a constitutional right to testify on his own behalf, Shelby must show that his attorney prevented him from testifying and that there is a reasonable probability that his failure to testify affected the outcome of the trial.  *See Barrow v. Uchtman*, 398 F.3d 597, 608 n. 12 (7th Cir. 2005).  *See also Alexander v. United States*, 219 F. App'x 520, 523 (7th Cir. 2007).  Shelby has not alleged in his Motion that he desired to testify, but his attorney prevented him from doing so.  (*See* § 2255 Mot.)  Rather, Shelby only states that his attorney failed to advise him of his right to testify.  (*Id*. at attached Mem. pg. IV.)  Furthermore, Shelby's attorney has submitted an affidavit stating that he advised Shelby not to testify due to his assessment of the case and evidence presented and that Shelby agreed.  (*See* Gov't Resp., Sanan Aff. at App. 1-2.)  Thus, Shelby's unsupported allegation that his counsel failed to advise him of his right to testify is insufficient and lacks the specificity required on collateral attack.  *Taylor v. United States*, 287 F.3d 658, 660-61 (7th Cir. 2002); *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991).  In addition, the record does not establish that his counsel's advice not to testify fell below the minimum professional standards.  Therefore, Shelby has not established that his attorney's performance was constitutionally deficient.

Even if Shelby could show that his counsel's performance was deficient, he would still have to show a reasonable probability that his failure to testify affected the outcome of his trial.  *Alexander*, 219 F. App'x at 523.  Based on the record, evidence presented, and Shelby's prior convictions, Shelby has failed to meet this burden.  The evidence in this case was very strong,[3]

---

[3]*See* Government's Response at 3-4 for a more detailed recitation of the evidence presented at trial.

and Shelby has not established how his testimony could have affected the outcome. Therefore, Shelby also fails to satisfy *Strickland's* prejudice prong.

### 2. Failure to Object to the Sentence

Shelby argues that his counsel did not object to his sentence and "did not raise the constitutional challenge to the unconstitutional sentences" citing *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). (§ 2255 Mot., attached Mem. at II.) However, the record establishes that Shelby's attorney objected to the criminal history calculation and the offense level calculation, and filed his written objections with the Court before the sentencing hearing on April 26, 2005. (Def.'s Objections to PSI & Position Paper for Sentencing [CrDE65].) Counsel also filed a written sentencing memorandum on May 9, 2005. (Supplemental Mem. of Law on Sentencing [CrDE70]). In that memorandum, Shelby's able counsel argued that the Court should recalculate his potential sentence based on the case of *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), wherein the Seventh Circuit noted an important distinction for sentencing purposes between crack cocaine and cocaine base.

Then, at sentencing itself, the government failed to prove what the substance that Shelby possessed was and ultimately conceded to a Guideline range that assumed the substance was neither cocaine base nor crack cocaine, but powder cocaine instead. All of this resulted in a lower sentence for Shelby, and not just a modestly lower one. His sentence was reduced from a range of 235-293 months to 121 months! In sum, any claim of ineffectiveness as it relates to sentencing is simply ridiculous.

### 3. Failure to File a Notice of Appeal

Shelby's final potential claim for ineffective assistance of counsel revolves around his counsel's failure to file a notice of appeal. Shelby can establish ineffective assistance of counsel *per se* if he can show that he requested his attorney to file an appeal, and due to counsel's deficient performance in failing to do so, Shelby lost his right to appeal. *Roe v. Flores-Ortega*, 120 S. Ct. 1029, 1039 (2000); *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994) (the remedy for this violation is to grant the petitioner a direct appeal with the assistance of counsel).

As previously mentioned, Shelby sent this Court a letter which made specific allegations that he asked his lawyer to file an appeal and that his counsel failed to do so. (*See* Pet'r Letter.) However, this letter was not under oath and was not made part of his § 2255 Motion. Despite this Court's July 2007 Order, Shelby has not made the required allegations under oath. *See Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) ("We have referred to the affidavit as a threshold requirement; its absence precludes the necessity of a hearing."). Further, the allegations in his Motion, which are under oath, do not allege that he even asked his counsel to file an appeal or that his counsel failed to do so. Instead, his Motion alleges that he had a personal conflict with his attorney. (*See* § 2255 Mot., questions 11(d), 12(j)(A), and 13 at 4-6.)

As a result, there is no need for an evidentiary hearing. This is because the Government has submitted an affidavit from Shelby's trial counsel (Mr. Sanan) in which he testified that he advised Shelby that there were no reasonable grounds for appeal, especially in light of the fact that Shelby was so successful in reducing his term of imprisonment at sentencing. According to Sanan, Shelby agreed and consequently, no appeal was filed. Nothing in his § 2255 Motion establishes a factual conflict over the issue of appeal when compared with the affidavit that his attorney filed, (Gov't Resp., Sanan Aff. at App. 1-2), and Shelby has not made the requisite

specific allegations under oath.  Therefore, he cannot demonstrate that his counsel was *per se* ineffective.

### III.  CONCLUSION

For the above reasons, Petitioner Shelby's claim of ineffective assistance of counsel in his § 2255 Motion to Vacate, Set Aside, or Correct his Sentence [CivDE1 & CrDE97] is **DENIED**. Shelby's Motion has now been denied in its entirety and the Clerk of the Court is instructed to **TERMINATE** this case.

**SO ORDERED.**

ENTERED: November 13, 2007

s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
